IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERRY HARCUM, <br><br> Petitioner, <br><br> v. <br><br> WARDEN JEFF NINES, <br> MARYLAND ATTORNEY GENERAL, <br><br> Respondents. | Civil Action No.:  GLR-20-2028 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Jerry Harcum's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). The Petition is ripe for review, and no hearing is necessary. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D.Md. 2018); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition shall be dismissed as untimely and a certificate of appealability shall not issue.

**I.   BACKGROUND**

On February 21, 2012, Petitioner Jerry Harcum was charged in a twenty-eight-count indictment with kidnapping, armed robbery, carjacking, first-degree assault, and related offenses in connection with a series of armed robberies committed in Baltimore County, Maryland. (State Record ["State R."] at 5–6, ECF No. 4-1). Harcum had a two-day jury trial on November 7 and 8, 2013; the jury convicted him on nineteen counts of the

indictment. (Id. at 24–28). Harcum was sentenced to serve 110 years of incarceration on November 8, 2013. (Id. at 17–24; 49–54).

On November 25, 2013, Harcum filed a timely appeal of his conviction with the Maryland Court of Special Appeals. (Id. at 16). The same day, Harcum filed a Motion for Modification of Sentence, which was denied by the trial court in a marginal order dated December 13, 2013. (Id. at 16; 56–58).

On July 29, 2015, the Court of Special Appeals affirmed Harcum's convictions by unpublished opinion. (Id. at 59–92). The court's mandate issued on September 1, 2015. Harcum sought certiorari review by the Maryland Court of Appeals, which was denied on October 19, 2015. (Id. at 94). Harcum's petition for writ of certiorari to the United States Supreme Court was denied on October 31, 2016. See Harcum v. Maryland, 137 S.Ct. 371 (2016).

On December 26, 2017, Harcum filed a petition for post-conviction relief in the Circuit Court for Baltimore County. (Id. at 95–111). In the cover letter accompanying his post-conviction petition, Harcum indicated his intention to withdraw a petition for post-conviction relief that he sent to the court in October 2017. (Id. at 95). There is no record that the circuit court received the earlier petition. Harcum's December 26, 2017 petition was docketed on January 5, 2018. (Id. at 13–14).

On January 3, 2019, the circuit court held a post-conviction hearing to consider Harcum's December 26, 2017 petition. (Id. at 7). In a memorandum opinion dated January 25, 2019, the court denied Harcum's request for post-conviction relief. (Id. at 7; 112–36).

Case 1:20-cv-02028-GLR   Document 7   Filed 04/27/21   Page 3 of 9

On April 5, 2019, a motion to reopen post-conviction proceedings was filed on Harcum's behalf asserting that the Post Conviction Defenders Division had not received a copy of the court's opinion denying post-conviction relief. (Id. at 137–39). The motion sought to have the post-conviction decision re-issued for the sole purpose of giving Harcum time to file an application for leave to appeal the denial of relief. (Id.). The motion was granted by order dated May 2, 2019. (Id. at 139).

On May 14, 2019, Harcum filed an application for leave to appeal the denial of post-conviction relief, which the Court of Special Appeals summarily denied on October 25, 2019. (Id. at 140–48, 149–50). The mandate from the Court of Special Appeals issued on November 27, 2019. (Id. at 151).

On December 20, 2019, Harcum filed a petition for writ of certiorari in the Maryland Court of Appeals seeking review of the Court of Special Appeals' summary denial of his application for leave to appeal. (Id. at 152–53). The petition was denied as untimely on February 28, 2020. (Id. at 153); see also Md. Rule 8-302(a) (setting time for seeking certiorari review at fifteen days after issuance of mandate by Court of Special Appeals). Harcum's motion for reconsideration was denied on April 24, 2020. (Id. at 154).

Harcum's Petition for Writ of Habeas Corpus was received in this Court on July 16, 2020. (ECF No. 1). His petition is deemed "filed" as of July 13, 2020, which is the date he signed it. (Id. at 6). On September 14, 2020, Respondents filed a Limited Answer asserting that the Petition is time-barred. (ECF No. 4). The following day, the Court issued an Order directing Harcum to provide information about the timeliness of his Petition within twenty-eight days. (ECF No. 5). Harcum filed his Response on September 28, 2020. (ECF No. 6).

3

## II.   DISCUSSION

Respondents argue that the Petition should be dismissed as untimely because it was not filed within the one-year statute of limitations. Harcum, who is self-represented, seeks to have the one-year filing limitation period equitably tolled in light of his lack of access to legal research materials while incarcerated. The Court considers these arguments in turn.

**A.   Timeliness**

In federal habeas cases, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Here, Harcum had one year from the date his conviction became final to file a federal habeas corpus petition. Harcum's conviction became final on October 31, 2016, the

date the United States Supreme Court denied his petition for writ of certiorari. Thus, the one-year filing deadline expired on October 31, 2017.

Assuming that Harcum filed a petition for post-conviction relief in October 2017, he withdrew that petition and sought to have his December 26, 2017 petition considered instead. (State R. at 111). The December petition was filed outside of the one-year limitations period; therefore, it would not operate to toll the one-year filing deadline.

Even if Harcum had filed his post-conviction petition on October 1, 2017, when thirty days remained in the limitations period, the one-year period began to run again on April 24, 2020 when the Maryland Court of Appeals denied his motion for reconsideration and the post-conviction proceedings terminated. Under these circumstances, Harcum would have had thirty days from April 24, 2020 to file his federal habeas petition. See Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000) (per curiam) (AEDPA clock restarts when state court completes post-conviction review); Lawrence v. Florida, 549 U.S. 327 (same). Harcum did not, however, file his federal Petition until July 13, 2020. Thus, even if the Court were to afford Harcum the most generous tolling calculation based on the record, the instant Petition would still be untimely.

**B.      Equitable Tolling**

Because Harcum's Petition is untimely, it is subject to dismissal unless Harcum can demonstrate that he is entitled to equitable tolling. Respondents maintain that there is no basis for equitably tolling the one-year filing deadline.[1] The Court agrees.

---

[1] Respondents also maintain that Harcum's Petition cannot be salvaged through application of tolling provisions contained in 28 U.S.C. § 2244(d)(1), nor does the actual

5

"[T]he one year limitation period is . . . subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." Hill, 277 F.3d at 708.

In his Response, Harcum asserts that a policy in place at North Branch Correctional Institution ("NBCI") amounts to an impediment to his access to courts. (Resp. at 1, ECF No. 6). He explains that inmates are allowed a "maximum of one hour per week" in the prison law library and then only on a first come, first served basis. (Id. at 1–2). He states that only twelve inmates are allowed in the law library at a time and there is only one computer linked to the "Nexus Lexis Law Library system." (Id. at 2). Copies of cases

---

innocence gateway apply. Because Harcum asserts entitlement to equitable tolling of the filing period, this Court will not address the additional circumstances noted by Respondents.

6

inmates wish to obtain are ordered through the Legal Assistance to State Institutions ("LASI") system and, according to Harcum, the copies can take up to three months to receive. (Id.). He adds that the prison is locked down at least four days out of every month and inmates do not get a make-up day if a lock down falls on "your law library" day. (Id.). Harcum claims that it is "almost impossible for any inmate at NBCI to research, shepardize and construct a well-reasoned, well-argued appellate brief within the allotted [time] for such filings under these restrictive conditions." (Id.). Harcum acknowledges, however, that outside assistance is available for purposes of exhausting claims through the Maryland State courts. (Id.).

Harcum also asserts that he "has very limited legal knowledge" and that he was unaware of the one-year limitations period applicable to federal habeas petitions. (Id. at 3). Nevertheless, he maintains that he has been diligent in pursuing every available appeal challenging his conviction and states that the record filed by Respondents supports that view. (Id.). Harcum concludes that it would be unconscionable to enforce the limitations period in this instance and claims that a gross injustice would result. (Id.).

Harcum's claim of entitlement to equitable tolling is unavailing. As observed by the Harris court:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Alvarez–Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity

7

> to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330 (4th Cir. 2000) (finding lawyer's mistaken reading of § 2244(d)(1) inadequate to support equitable tolling). While the circumstances delineated by Harcum may have made it more difficult for him to comply with the limitations period, equitable tolling is reserved for instances where the State has created extraordinary circumstances that make it impossible for the petitioner to comply with the filing deadline. See Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3rd Cir. 1998) (noting that tolling is appropriate when petitioner has "in some extraordinary way . . . been prevented from asserting his or her rights"). Although Harcum has cited limitations on his access to the prison law library, there is no clear nexus between those limitations and his failure to meet the filing deadline in this case. Additionally, the prison library is not the only avenue for legal assistance. For these reasons, it cannot be said that NBCI created extraordinary circumstances that made it impossible for Harcum to comply with the one-year statute of limitations. Accordingly, Harcum is not entitled to equitable tolling, and his Petition shall be dismissed as untimely.

C.      **Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1)

8

'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Harcum has not done so here. Nonetheless, Harcum may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   CONCLUSION

For the foregoing reasons, Harcum's federal habeas Petition will be dismissed as untimely and a certificate of appealability shall not issue. A separate Order follows.

Entered this 27th day of April, 2021.

                                                      _____/s/_____
                                                      George L. Russell, III
                                                      United States District Judge